IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


KAREN PALMER                                                          PLAINTIFF


            v.                               CIVIL NO. 05-5032


JO ANNE B. BARNHART, Commissioner
Social Security Administration                                       DEFENDANT
_____

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Karen Palmer appealed the Commissioner's denial of benefits to this court. On March 20, 2006, judgment was entered remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. # 9). Plaintiff now moves for an award of $3,936.55 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 31.16 hours of work before the court at an hourly rate of $125.00, and $41.55 in expenses. (Doc. # 10-11). Defendant has filed a response, expressing no objection to this award. (Doc. # 12).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case

for further proceedings is a prevailing party. After reviewing the file, we find plaintiff is a prevailing party in this matter.

The Commissioner does not oppose the award of a reasonable attorney's fee under the EAJA, does not object to the hourly rate requested by plaintiff's counsel for attorney's fees and does not dispute the number of hours expended by counsel. (Doc. #12). The court construes this lack of opposition to the award of a reasonable fee as an admission that the government's decision to deny benefits was not "substantially justified."

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required

AO72A
(Rev. 8/82)

to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988)*.* The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir.1991)*, quoting Cotter v. Bowen, 879 F.2d 359, 361 (8th Cir.1989).* The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir.1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for EAJA fee awards from $75.00 to

3

$125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A)*. Plaintiff requests attorney's fees under the EAJA at an hourly rate of $125.00. We find plaintiff's counsel entitled to compensation at this rate.

We next address the number of hours plaintiff's counsel claims she spent working on this case. Plaintiff's counsel seeks a total of 4.50 hours of work from August 28, 2004, through February 28, 2005, the date plaintiff's Complaint was filed. (Doc. # 1). We note, time spent at the administrative level is not compensable under the EAJA. *See Cornella v. Schweiker*, 728 F.2d 978, 988-89 (8th Cir. 1984). However, some of the time submitted on the above referenced dates was clearly in preparation for the filing of the Complaint with this court. Therefore, we will allow 2.00 hours. Accordingly, 2.50 hours must be deducted from the total compensable time sought by counsel.

Plaintiff's counsel seeks 0.10 hour on March 3, 2005, March 7, 2005, and March 8, 2005, for the receipt and post of PS Form 3811. There is no explanation of what these forms are and we find this could have been completed by support staff. *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir.1987) (work which could have been completed by support staff is not compensable under the EAJA). Accordingly, we deduct 0.30 hour from the total number of compensable hours sought.

Plaintiff's counsel seeks 0.75 hour on March 1, 2005, (prepare four letters of service with summons; attach petition for review), from which we deduct 0.75 hour; and 0.83 hour on March 1, 2005, (send four certified letters-costs $26.70 for service), from which we deduct 0.83 hour; 0.50 hour on May 6, 2005, (post time limits on all calendars), from which we deduct 0.50 hour; 0.25 hour on November 9, 2005, (electronically file brief), from which we deduct 0.25 hour; 0.25

4

hour on November 19, 2005, (mail copy of brief to client), from which we deduct 0.25 hour; and 0.25 hour on March 27, 2006, (electronically file pleadings), from which we deduct 0.25 hour. This time cannot be compensated under the EAJA. *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir.1987). Accordingly, we deduct 2.83 hours from the total number of compensable hours sought.

We also find the 3.00 hours submitted on March 27, 2006, for the preparation of the EAJA petition and brief to be excessive and reduce this time by 1.50 hours.

Plaintiff's counsel seeks a total of 18.50 hours for reviewing the transcript, researching and writing plaintiff's appeal brief. Plaintiff's counsel frequently represents social security plaintiff's before this court and should be well versed in social security law and we find that the time submitted for preparing this brief to be excessive. There were also no unique or complex issues to be developed in this particular case. Therefore we are reducing the number of hours submitted for the preparation of plaintiff's brief to 15.00 hours.

Finally, counsel seeks reimbursement for $41.55 in expenses incurred with regard to postage and photocopying. Such expenses are recoverable under the EAJA and we find $41.55 to be a reasonable award. *See Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988).

Based on the above, we recommend awarding plaintiff's attorney fees under the EAJA for: 20.53 (31.16-10.63) attorney hours, at the rate of $125.00 per hour, and $41.55 in expenses, for a total attorney's fee award of $2,607.80. This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future. **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver**

AO72A
(Rev. 8/82)

**of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

Dated this 12th day of May 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**